IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROMAN ORTIZ,

        Plaintiff,                No. 2:10-cv-0351 JFM (PC)

    vs.

COX, et al.,

        Defendants.        <u>ORDER</u>

                        /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1    The court is required to screen complaints brought by prisoners seeking relief
2 against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
3 § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
4 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may
5 be granted, or that seek monetary relief from a defendant who is immune from such relief. 28
6 U.S.C. § 1915A(b)(1),(2).

7    A claim is legally frivolous when it lacks an arguable basis either in law or in
8 fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
9 28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
10 indisputably meritless legal theory or where the factual contentions are clearly baseless.
11 Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however
12 inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d
13 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

14    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
15 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
16 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell
17 Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v.
18 Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a
19 complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
20 must contain factual allegations sufficient "to raise a right to relief above the speculative level."
21 Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only
22 "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"'
23 Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964,
24 in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this
25 standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,
26 /////

and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court has reviewed plaintiff's complaint and determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2) as to defendants B. Torres, J. Popovits, and Gary Swarthout. The essence of plaintiff's claim is solely against defendant Cox. Although it appears the other defendants were officers who reviewed plaintiff's administrative appeals against defendant Cox, this, without more, is insufficient. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed as to defendants B. Torres, J. Popovits, and Gary Swarthout. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a

1 general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
2 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
3 longer serves any function in the case. Therefore, in an amended complaint, as in an original
4 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed as to defendants B. Torres, J. Popovits, and Gary Swarthout.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to

/////
/////
/////
/////
/////
/////

4

1 file an amended complaint in accordance with this order may result in the dismissal of this
2 action.
3 DATED: April 15, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROMAN ORTIZ,

        Plaintiff,                No. 2:10-cv-0351 JFM (PC)

    vs.

COX, et al.,

        Defendants.

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____        Amended Complaint

DATED:

                                                        Plaintiff