IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROMAN ORTIZ,

        Plaintiff,                  No. 2:10-cv-0351 JFM (PC)

    vs.

COX, et al.,                        <u>ORDER AND</u>

        Defendants.          <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        On July 15, 2011, defendants filed a motion for summary judgment. Plaintiff was granted an extension of time to September 18 2011 to file opposition. Plaintiff was cautioned that failure to file opposition would be deemed as a statement of non-opposition to the granting of the motion. Plaintiff has filed no opposition, although court records reflect plaintiff was properly served with notice of the motion and the order granting an extension of time to file opposition at plaintiff's address of record.

        Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." Further, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

1

By order filed September 23, 2010, plaintiff was advised of the above requirements for filing opposition under the Local Rules and cautioned that failure to comply with the Local Rules might result in the imposition of sanctions. In addition, by order filed August 18, 2011, plaintiff was again advised of the requirements under the Local Rules, afforded additional time to file opposition, cautioned that failure to file opposition would be deemed a statement of nonopposition and would result in a recommendation that this action be dismissed. Plaintiff has again failed to file opposition. Pursuant to Local Rule 230(l), therefore, the court deems the failure to file written opposition as a waiver of any opposition to the granting of defendants' motion.

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986) .

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ghazali, 46 F.3d at 53. Plaintiff's failure to comply with the Local Rules has impeded the expeditious resolution of the instant litigation and has burdened the court's docket, consuming scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue. Although public policy favors disposition of cases on their merits, plaintiff's failure to oppose the pending motion has precluded the court from doing so. In addition, defendants are prejudiced by the inability to reply to opposition. Finally, the court has repeatedly advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail. The court finds no suitable alternative to dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a district judge to this case; and

/////

1 IT IS RECOMMENDED that this action be dismissed pursuant to Federal Rule of
2 Civil Procedure 41(b).

3 These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5 days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
8 failure to file objections within the specified time may waive the right to appeal the District
9 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

10 DATED: October 4, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;orti0351.fscnoop