IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROMAN ORTIZ,

        Plaintiff,                  No. 2:10-cv-0351 KJM JFM (PC)

   vs.

COX, et al.,

        Defendants.         <u>FINDINGS & RECOMMENDATIONS</u>

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on claims raised in plaintiff's complaint against defendant Donald Cox. This matter is before the court on the defendant's motion for summary judgment. Plaintiff opposes the motion. Upon review of the motion, and the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

FACTS

        All facts stated herein are undisputed unless noted otherwise. At all times relevant to this action, plaintiff was incarcerated at California State Prison – Solano. Defendant Cox was, and is, a correctional officer at that facility.

/////

On July 16, 2009, defendant Cox issued a Rules Violation Report ("RVR"), Log No. S1-09-07-0465, as to plaintiff for possession of a cell phone charger. Doc. No. 1 at 17. The RVR specifically stated that Cox "observed [plaintiff] pull a cell phone charger from inside his mattress, get down off his bunk and flush it down the toilet. This occurred immediately following his cellmate, Inmate Perez-Lopez flushing his cell phone down the toilet." Id. Plaintiff was issued the RVR on July 20, 2009. Id. at 12.

On July 29, 2009, plaintiff appeared at a hearing on the RVR. Doc. No. 1 at 11-12. The hearing, however, was continued to August 5, 2009 to allow defendant Cox to participate as a witness. Id. At the August 5, 2009 hearing, the evidence presented included the contents of the RVR, defendant Cox's testimony and the testimony of an inmate witness for plaintiff[1]. Doc. No. 1 at 15. Plaintiff pled Not Guilty and stated "What's in the report is not true." Id. Following the hearing, the Senior Hearing Officer ("SHO") found plaintiff guilty based on the following: (1) the contents of the RVR; (2) defendant Cox's testimony that he did see plaintiff with a cell phone charger; and (3) the fact that plaintiff did not offer any information to refute the charge. Id. Plaintiff was assessed a 30-day credit forfeiture and a 90-day forfeiture of privilege group. Id.

Plaintiff filed an appeal on August 20, 2009, claiming defendant Cox falsified the charges. See Doc. No. 1 at 8. The informal and first levels of review were bypassed. See id. Plaintiff's appeal was denied at the second and director's levels of appeal. See id. at 6-7, 13-14.

PROCEDURAL BACKGROUND

Plaintiff initiated this action on February 10, 2010 against multiple defendants. By order dated April 16, 2010, plaintiff's complaint was screened and found to state a claim only as to defendant Cox. Although plaintiff was granted two opportunities to amend his complaint to

---

[1] The Senior Hearing Officer also stipulated that a second inmate, whose presence plaintiff requested, would testify to the same facts as the first testifying inmate witness. Doc. No. 1 at 15.

2

state a claim as to the other defendants, he failed to do so. Accordingly, the court found service appropriate only for defendant Cox.

Defendant Cox filed an answer on November 22, 2010, and a scheduling order issued thereafter. On July 17, 2011, Cox filed a motion for summary judgment, which plaintiff opposed. On April 2, 2012, the undersigned issued findings and recommendations recommending that defendant's motion for summary judgment be granted.

During the pendency of the April 2, 2012 findings and recommendation, the United States Court of Appeals for the Ninth Circuit issued its opinion in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012). In light of that opinion, the undersigned vacated the April 2, 2012 findings and recommendations and gave plaintiff supplemental notice pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).[2] The court also granted plaintiff additional time to file an amended opposition, which he has now filed. Defendant Cox has filed an amended reply.

## SUMMARY JUDGMENT STANDARDS UNDER RULE 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party
> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions,

---

[2] Plaintiff initially received this notice on September 23, 2010. Doc. No. 14.

answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

## DISCUSSION

Defendant seeks summary judgment on the ground that plaintiff's claim is barred by Heck v. Humphreys, 512 U.S. 477, 486-87 (1994). Under Heck, if a judgment in favor of a plaintiff in a civil rights action necessarily will imply the invalidity of his or her conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the underlying conviction or sentence already has been invalidated. The Supreme Court has applied the Heck doctrine to prison disciplinary proceedings, finding that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005) (emphasis in original).

/////

5

In <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997), the Supreme Court held that the <u>Heck</u> doctrine precluded a state prisoner from asserting a § 1983 claim relating to an allegedly deficient prison disciplinary proceeding when the proceeding implicated the prisoner's term of confinement. In <u>Balisok</u>, the plaintiff claimed that the prison hearing officer had refused to ask specified questions of requested witnesses, had denied the plaintiff the right to call witnesses or present evidence in his own defense, and was biased against the plaintiff. The Supreme Court held that the plaintiff could not circumvent the limitation on § 1983 suits imposed by <u>Heck</u> because the alleged due process defects, if established, "necessarily imply the invalidity of the deprivation of his good-time credits." <u>Balisok</u>, 520 U.S. at 646. Since success on plaintiff's claim would decrease the length of the prisoner's confinement, the Supreme Court concluded that his claims were not cognizable under § 1983 until his disciplinary conviction had been invalidated. <u>See id.</u> at 648–49. The Supreme Court held that a habeas corpus petition was the sole vehicle to challenge the allegedly flawed disciplinary hearing, since the hearing resulted in the loss of good-time credits which, in turn, implicated the duration of the plaintiff's confinement. <u>Id.</u> at 646.

Here, as in <u>Balisok</u>, plaintiff alleges that he was subjected to a flawed disciplinary proceeding. Plaintiff's claims implicate the validity of his disciplinary conviction, but plaintiff's disciplinary conviction has not been invalidated, expunged or reversed. Thus, the claims are barred under <u>Balisok</u>. 520 U.S. at 646-48.

Moreover, while plaintiff alleges that the charges against him were false, the Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations. <u>Freeman v. Rideout</u>, 808 F.2d 949, 951 (2nd Cir. 1986). Rather, the Fourteenth Amendment provides that a prisoner "has a right not to be deprived of a protected liberty interest without due process of law." <u>Sprouse v. Babcock</u>, 870 F.2d 450, 452 (8th Cir. 1989). Thus, as long as a prisoner receives proper procedural due process, a claim based on the falsity of disciplinary charges, standing alone, does not state a constitutional claim. <u>Id.</u>; <u>Freeman</u>, 808

6

1  F.2d at 951.  Under the Due Process Clause, a prisoner is entitled to certain procedural

2  protections when he is charged with a disciplinary violation.  Wolff, 418 U.S. at 564–71.  These

3  protections include a written notice at least twenty-four hours before the disciplinary hearing, an

4  opportunity to call witnesses and present documentary evidence, and a written statement by the

5  fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken.  Id.

6        The evidence presented here demonstrates that plaintiff received written notice of

7  the charges against him, was present at the hearing and called witnesses, and received a written

8  statement by the SHO of the evidence relied on for the guilty finding.  Furthermore, the SHO's

9  reliance on the RVR and defendant's statements constitutes "some evidence in the record that

10 could support the conclusion reached by the disciplinary board."  Superintendent v. Hill, 472

11 U.S. 445, 455 (1985).

12       In his initial opposition to defendant's motion for summary judgment, which

13 plaintiff filed on December 14, 2011, plaintiff argued that defendant Cox had previously made

14 similar 'claims' against other inmates (presumably regarding the possession of contraband items)

15 without the recovery of any evidence.  Plaintiff asserted that other inmates would testify to this if

16 requested to do so.  Plaintiff, however, did not submit any affidavits or other admissible evidence

17 in support of this claim.  Plaintiff also argued that it was not possible for a cell phone charger

18 with wires to be flushed down a toilet without causing obstruction of the toilet, and that any

19 alleged flushing of contraband would have been followed by a cell search, which did not happen

20 in this case.  Plaintiff was advised that, in order to successfully defend against a motion for

21 summary judgment, he could not rely on allegations but was required to tender evidence of

22 specific facts in the form of affidavits, and/or admissible discovery material, in support of his

23 contention that a dispute existed.  See Fed. R. Civ. P. 56(e).

24       Following this court's order vacating the April 2, 2012 findings and

25 recommendations, plaintiff filed an amended opposition, in which he raises arguments directed

26 solely at the SHO – namely, plaintiff claims the SHO denied plaintiff the right to call witnesses

and did not provide a meaningful explanation of his guilty finding. These claims, however, are inappropriate in this opposition to Cox's motion for summary judgment because the SHO is no longer a named defendant in this action. Although plaintiff initially named the SHO in his complaint, the court determined on screening that plaintiff failed to state a claim as to the SHO. See Doc. No. 7. And while plaintiff was granted two opportunities to amend his complaint to state a claim against the SHO, he failed to do so. See Doc. Nos. 7, 11.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 95 1 F.2d 1153 (9th Cir. 1991).

DATED: September 28, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;orti0351.msj_amend