1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ROMAN ORTIZ,

11              Plaintiff,                    No. 2:10-cv-0351 KJM JFM (PC)

12        vs.

13    COX, et al.,

14              Defendants.         <u>FINDINGS & RECOMMENDATIONS</u>

15    _____/

16              Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17    42 U.S.C. § 1983.  This action is proceeding on claims raised in plaintiff's complaint against

18    defendant Donald Cox.  This matter is before the court on the defendant's motion for summary

19    judgment.  Plaintiff opposes the motion.  Upon review of the motion, and the documents in

20    support and opposition, and good cause appearing therefor, THE COURT FINDS AS

21    FOLLOWS:

22                                    FACTS

23              All facts stated herein are undisputed unless noted otherwise.  At all times

24    relevant to this action, plaintiff was incarcerated at California State Prison – Solano.  Defendant

25    Cox was, and is, a correctional officer at that facility.

26    /////

1         On July 16, 2009, defendant Cox issued a Rules Violation Report ("RVR"), Log

2 No. S1-09-07-0465, as to plaintiff for possession of a cell phone charger.  Doc. No. 1 at 17.  The

3 RVR specifically stated that Cox "observed [plaintiff] pull a cell phone charger from inside his

4 mattress, get down off his bunk and flush it down the toilet.  This occurred immediately

5 following his cellmate, Inmate Perez-Lopez flushing his cell phone down the toilet."  Id.

6 Plaintiff was issued the RVR on July 20, 2009.  Id. at 12.

7         On July 29, 2009, plaintiff appeared at a hearing on the RVR.  Doc. No. 1 at 11-

8 12.  The hearing, however, was continued to August 5, 2009 to allow defendant Cox to

9 participate as a witness.  Id.  At the August 5, 2009 hearing, the evidence presented included the

10 contents of the RVR, defendant Cox's testimony and the testimony of an inmate witness for

11 plaintiff[1].  Doc. No. 1 at 15.  Plaintiff pled Not Guilty and stated "What's in the report is not

12 true."  Id.  Following the hearing, the Senior Hearing Officer ("SHO") found plaintiff guilty

13 based on the following: (1) the contents of the RVR; (2) defendant Cox's testimony that he did

14 see plaintiff with a cell phone charger; and (3) the fact that plaintiff did not offer any information

15 to refute the charge.  Id.  Plaintiff was assessed a 30-day credit forfeiture and a 90-day forfeiture

16 of privilege group.  Id.

17         Plaintiff filed an appeal on August 20, 2009, claiming defendant Cox falsified the

18 charges.  See Doc. No. 1 at 8.  The informal and first levels of review were bypassed.  See id.

19 Plaintiff's appeal was denied at the second and director's levels of appeal.  See id. at 6-7, 13-14.

20 PROCEDURAL BACKGROUND

21         Plaintiff initiated this action on February 10, 2010 against multiple defendants.

22 By order dated April 16, 2010, plaintiff's complaint was screened and found to state a claim only

23 as to defendant Cox.  Although plaintiff was granted two opportunities to amend his complaint to

24

25     [1]  The Senior Hearing Officer also stipulated that a second inmate, whose presence
plaintiff requested, would testify to the same facts as the first testifying inmate witness.  Doc.

26 No. 1 at 15.

1  state a claim as to the other defendants, he failed to do so.  Accordingly, the court found service

2  appropriate only for defendant Cox.

3        Defendant Cox filed an answer on November 22, 2010, and a scheduling order

4  issued thereafter.  On July 17, 2011, Cox filed a motion for summary judgment, which plaintiff

5  opposed.  On April 2, 2012, the undersigned issued findings and recommendations

6  recommending that defendant's motion for summary judgment be granted.

7        During the pendency of the April 2, 2012 findings and recommendation, the

8  United States Court of Appeals for the Ninth Circuit issued its opinion in <u>Woods v. Carey</u>, 684

9  F.3d 934 (9th Cir. 2012).  In light of that opinion, the undersigned vacated the April 2, 2012

10  findings and recommendations and gave plaintiff supplemental notice pursuant to <u>Rand v.</u>

11  <u>Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409

12  (9th Cir. 1988).[2]  The court also granted plaintiff additional time to file an amended opposition,

13  which he has now filed.  Defendant Cox has filed an amended reply.

14                  SUMMARY JUDGMENT STANDARDS UNDER RULE 56

15        Summary judgment is appropriate when it is demonstrated that there exists "no

16  genuine issue as to any material fact and that the moving party is entitled to a judgment as a

17  matter of law."  Fed. R. Civ. P. 56(c).

18        Under summary judgment practice, the moving party

19        always bears the initial responsibility of informing the district court of the basis
        for its motion, and identifying those portions of "the pleadings, depositions,
20        answers to interrogatories, and admissions on file, together with the affidavits, if
        any," which it believes demonstrate the absence of a genuine issue of material
21        fact.

22  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the

23  nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

24  judgment motion may properly be made in reliance solely on the 'pleadings, depositions,

25  

26        [2]  Plaintiff initially received this notice on September 23, 2010.  Doc. No. 14.

answers to interrogatories, and admissions on file.'" Id.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

1  genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

2  committee's note on 1963 amendments).

3          In resolving the summary judgment motion, the court examines the pleadings,

4  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

5  any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

6  477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

7  court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.

8  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

9  produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

10  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

11  1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

12  show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

13  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

14  'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

15                                    DISCUSSION

16          Defendant seeks summary judgment on the ground that plaintiff's claim is barred

17  by Heck v. Humphreys, 512 U.S. 477, 486-87 (1994).  Under Heck, if a judgment in favor of a

18  plaintiff in a civil rights action necessarily will imply the invalidity of his or her conviction or

19  sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the

20  underlying conviction or sentence already has been invalidated.  The Supreme Court has applied

21  the Heck doctrine to prison disciplinary proceedings, finding that:

22          [A] state prisoner's § 1983 action is barred (absent prior invalidation)-no matter
            the relief sought (damages or equitable relief), no matter the target of the
23          prisoner's suit (state conduct leading to conviction or internal prison
            proceedings)- if success in that action would necessarily demonstrate the
24          invalidity of confinement or its duration.

25  Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005) (emphasis in original).

26  /////

1      In Edwards v. Balisok, 520 U.S. 641, 648 (1997), the Supreme Court held that the

2 Heck doctrine precluded a state prisoner from asserting a § 1983 claim relating to an allegedly

3 deficient prison disciplinary proceeding when the proceeding implicated the prisoner's term of

4 confinement.  In Balisok, the plaintiff claimed that the prison hearing officer had refused to ask

5 specified questions of requested witnesses, had denied the plaintiff the right to call witnesses or

6 present evidence in his own defense, and was biased against the plaintiff.  The Supreme Court

7 held that the plaintiff could not circumvent the limitation on § 1983 suits imposed by Heck

8 because the alleged due process defects, if established, "necessarily imply the invalidity of the

9 deprivation of his good-time credits."  Balisok, 520 U.S. at 646.  Since success on plaintiff's

10 claim would decrease the length of the prisoner's confinement, the Supreme Court concluded

11 that his claims were not cognizable under § 1983 until his disciplinary conviction had been

12 invalidated.  See id. at 648–49.  The Supreme Court held that a habeas corpus petition was the

13 sole vehicle to challenge the allegedly flawed disciplinary hearing, since the hearing resulted in

14 the loss of good-time credits which, in turn, implicated the duration of the plaintiff's

15 confinement.  Id. at 646.

16      Here, as in Balisok, plaintiff alleges that he was subjected to a flawed disciplinary

17 proceeding.  Plaintiff's claims implicate the validity of his disciplinary conviction, but plaintiff's

18 disciplinary conviction has not been invalidated, expunged or reversed.  Thus, the claims are

19 barred under Balisok.  520 U.S. at 646-48.

20      Moreover, while plaintiff alleges that the charges against him were false, the Due

21 Process Clause itself does not contain any language that grants a broad right to be free from false

22 accusations.  Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986).  Rather, the Fourteenth

23 Amendment provides that a prisoner "has a right not to be deprived of a protected liberty interest

24 without due process of law."  Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989).  Thus, as

25 long as a prisoner receives proper procedural due process, a claim based on the falsity of

26 disciplinary charges, standing alone, does not state a constitutional claim.  Id.; Freeman, 808

F.2d at 951.  Under the Due Process Clause, a prisoner is entitled to certain procedural

protections when he is charged with a disciplinary violation.  Wolff, 418 U.S. at 564–71.  These

protections include a written notice at least twenty-four hours before the disciplinary hearing, an

opportunity to call witnesses and present documentary evidence, and a written statement by the

fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken.  Id.

       The evidence presented here demonstrates that plaintiff received written notice of

the charges against him, was present at the hearing and called witnesses, and received a written

statement by the SHO of the evidence relied on for the guilty finding.  Furthermore, the SHO's

reliance on the RVR and defendant's statements constitutes "some evidence in the record that

could support the conclusion reached by the disciplinary board."  Superintendent v. Hill, 472

U.S. 445, 455 (1985).

       In his initial opposition to defendant's motion for summary judgment, which

plaintiff filed on December 14, 2011, plaintiff argued that defendant Cox had previously made

similar 'claims' against other inmates (presumably regarding the possession of contraband items)

without the recovery of any evidence.  Plaintiff asserted that other inmates would testify to this if

requested to do so.  Plaintiff, however, did not submit any affidavits or other admissible evidence

in support of this claim.  Plaintiff also argued that it was not possible for a cell phone charger

with wires to be flushed down a toilet without causing obstruction of the toilet, and that any

alleged flushing of contraband would have been followed by a cell search, which did not happen

in this case.  Plaintiff was advised that, in order to successfully defend against a motion for

summary judgment, he could not rely on allegations but was required to tender evidence of

specific facts in the form of affidavits, and/or admissible discovery material, in support of his

contention that a dispute existed.  See Fed. R. Civ. P. 56(e).

       Following this court's order vacating the April 2, 2012 findings and

recommendations, plaintiff filed an amended opposition, in which he raises arguments directed

solely at the SHO – namely, plaintiff claims the SHO denied plaintiff the right to call witnesses

and did not provide a meaningful explanation of his guilty finding.  These claims, however, are

inappropriate in this opposition to Cox's motion for summary judgment because the SHO is no

longer a named defendant in this action.  Although plaintiff initially named the SHO in his

complaint, the court determined on screening that plaintiff failed to state a claim as to the SHO.

See Doc. No. 7.  And while plaintiff was granted two opportunities to amend his complaint to

state a claim against the SHO, he failed to do so.  See Doc. Nos. 7, 11.

> Accordingly, IT IS HEREBY RECOMMENDED that:

> 1.  Defendant's motion for summary judgment be granted; and

> 2.  This action be dismissed.

> These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised

that failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Martinez v. Ylst, 95 1 F.2d 1153 (9th Cir. 1991).

DATED: September 28, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;orti0351.msj_amend

8